**Roman BERMUDEZ–GARCIA,**
**Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] Attorney**
**General, Respondent.**

**No. 07–3084.**

United States Court of Appeals,
Eighth Circuit.

Submitted: April 6, 2009.

Filed: April 7, 2009.

Raymond Reza Bolourtchi, Cofman &
Bolourtchi, Ladue, MO, for Petitioner.

Aliza Bessie Alyeshmerni, Jesse Lloyd
Busen, Karen Yolanda Drummond, Rich-
ard M. Evans, Department of Justice Civil
Division, Office of Immigration Litigation,
Washington, DC, for Respondent.

Before RILEY, SMITH, and BENTON,
Circuit Judges.

---

1. Eric H. Holder, Jr. has been appointed to
serve as Attorney General of the United
States, and is substituted as respondent pur-
suant to Federal Rule of Appellate Procedure
43(c).

2. Garcia's other arguments—that the IJ did
not comply with the regulations, should have
ruled on his eligibility for temporary protect-
ed status, and denied him due process—are

**PER CURIAM.**

Honduran citizen Roman Bermudez–
Garcia (Garcia) petitions for review of an
order of the Board of Immigration Appeals
affirming an immigration judge's (IJ's) de-
nial of Garcia's request for a continuance.
Garcia argues that the IJ abused his dis-
cretion by denying a continuance.[2] This
court has held that the IJ's discretionary
decision to deny a motion for continuance
is not subject to appellate review. *See*
*Ikenokwalu–White v. Gonzales,* 495 F.3d
919, 923–24 (8th Cir.2007) (no jurisdiction
to review IJ's decision to deny continuance
of alien's removal hearing); *Grass v. Gon-*
*zales,* 418 F.3d 876, 879 (8th Cir.2005)
(same). We are bound to follow this prec-
edent. *See United States v. Wright,* 22
F.3d 787, 788 (8th Cir.1994) (panel of this
court is bound by prior Eighth Circuit
decision unless prior decision is overruled
by this court sitting en banc).

Accordingly, we deny the petition.

---

not reviewable because Garcia has not ex-
hausted his administrative remedies. *See*
*Ming Ming Wijono v. Gonzales,* 439 F.3d 868,
871–72 (8th Cir.2006) (if petitioner fails to
raise issue in appeal to Board of Immigration
Appeals, petitioner has not exhausted admin-
istrative remedies, which precludes consider-
ation of claim in petition for review).